UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jaclyn Rideau,<br>Plaintiff,<br><div align=center>v.</div><br>National Veterinary Associates, Inc.;<br>Beaufort Veterinary Hospital, LLC; and Sea<br>Island Animal Hospital, LLC,<br>Defendants, | CASE NO.: __9:20-cv-02772-RMG-MGB__<br><br><br><div align=center>**COMPLAINT**<br>**(Jury Trial Requested)**</div> |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.      This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

2.      All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

      a.   A charge of employment discrimination on basis of disability, pregnancy, and sex/gender discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

      b.   Notice of the Right to Sue from EEOC has not yet been received.[1]

3.      This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4.      The Defendants own and operate a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5.      The Plaintiff, Jaclyn Rideau, is a citizen and resident of Honolulu County, Hawaii.

---

[1] The Plaintiff files suit on all claims herein mentioned to preserve the same prior to the expiration of the statute of limitations.  More than 180 days of investigation by the EEOC have passed and Plaintiff has requested that a Notice of Right to Sue be issued.  However, the EEOC is declining to issue said Notice at this time due to the COVID-19 pandemic.  The Plaintiff intends to file a Motion to Stay this action pending the issuance of the Notice of Right to Sue.

6.      The Defendant, National Veterinary Associates, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina located in this judicial district.

7.      The Defendant, Beaufort Veterinary Hospital, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

8.      The Defendant, Sea Island Animal Hospital, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

9.      All discriminatory employment practices alleged herein were committed within the State of South Carolina.

10.     Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).

11.     Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendants' employment, and who requested reasonable accommodations.

12.     The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

13.     The Defendants are a "person" within the meaning of the Americans with Disabilities Act (42 U.S.C. §12117).

14.     The Defendants are a "person" within the meaning of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

15.     Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

16.     Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Americans with Disabilities Act (42 U.S.C. §12117).

17.     Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

18.     The Defendants are an industry that affects commerce within the meaning of the Title VII, the Americans with Disabilities Act, and the Pregnancy Discrimination Act.

19.     The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

20.    On or about January 1, 2016, Plaintiff began working for the Defendants as a Veterinary Technician.  At all times, the Plaintiff was efficient and effective in her work, receiving positive employee evaluations.

21.    In or about June 2018, the Plaintiff took maternity leave for the birth of her child.

22.    After the birth of her first child, Plaintiff suffered from lactation insufficiency, which caused her to have to pump breastmilk more frequently and consistently following the birth of this child.

23.     Prior to Plaintiff's return to work, she requested and was granted permission to pump breastmilk every one and a half to two hours per day, per her doctors' orders.

24.    In or about August 2018, during Plaintiff's first week back at work, Katy Gilray and Shannon Willis began belittling Plaintiff for pumping her breastmilk, making comments like, "again?," "Do you really have to go upstairs?," and "you need to stop doing this."

25.    In or about November 2018, despite knowledge of and agreement to Plaintiff's need for breastfeeding accommodations, Ms. Gilray posted a "pumping schedule" which only allowed Plaintiff to pump once in the morning and once in the afternoon.  Not only was this far less than Plaintiff's doctor instructed, the "pumping schedule" was posted on the office-wide white board for everyone to see.

26.    In or about January 2019, Plaintiff complained to Ms. Gilray's Supervisor, Todd Sullivan, about the lack of accommodations, discrimination, harassment, and invasion of privacy by Ms. Gilray and Ms. Willis.

27.    On or about September 17, 2019, Ms. Gilray terminated Plaintiff's employment.  Ms. Gilray stated the reason for Plaintiff's termination is because Plaintiff "went over her head" with the complaint to Mr. Sullivan, and stated to Plaintiff that it was "unprofessional" of her to do so.

28.    At all times relevant to this Complaint, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

## FOR A FIRST CAUSE OF ACTION
### (Violation of the Pregnancy Discrimination Act – Discrimination)

29.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30.    The Plaintiff is a member of a protected group on the basis of her pregnancy.   The Plaintiff was an employee in a position for which she was qualified, became pregnant and was discriminated against due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

31.    The Defendants were wanton and intentional in the discrimination against the Plaintiff in the following particulars, to wit:

    a.    In discriminating against the Plaintiff due to her pregnancy;

    b.    In treating the Plaintiff less favorably with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy; and

    c.    In other particulars which discovery may show.

32.    By reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, the Plaintiff has suffered severe emotional distress.

33.    The Defendants violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

34.    The Plaintiff's pregnancy were determining factors in the disparate treatment and discrimination against her.

35.    As a direct and proximate result of the acts and practices of the Defendants in the discrimination of the Plaintiff, she has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Violation of the Pregnancy Discrimination Act – Hostile Work Environment)

36.    Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37.    Once Plaintiff asserted her rights under the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), Plaintiff was subjected to adverse terms and conditions by the Defendants, thereby causing a hostile work environment.

38.    The Defendants' wrongful actions as set forth aforesaid, constituted a hostile work environment for the Plaintiff.  The Defendants violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)) by allowing a hostile work environment to exist in the workplace.

39.    The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

40.    As a direct and proximate result of the acts and practices of Defendants in creating a hostile work environment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### (Violation of the Pregnancy Discrimination Act – Retaliation)

41.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42.     The Plaintiff is a member of a protected group on the basis of her pregnancy.  The Plaintiff was an employee in a position for which she was qualified, became pregnant and was discriminated against and terminated due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

43.     The Plaintiff's pregnancy was a determining factor in the retaliation of the Plaintiff.  But for the Plaintiff's pregnancy, she would not have been terminated.

44.     The Defendants were wanton and intentional in the retaliation against the Plaintiff in the following particulars, to wit:

   a.     In failing to continue to employ the Plaintiff;

   c.     In terminating the Plaintiff's employment for actions that other, non-pregnant employees also committed without termination, this depriving Plaintiff of her employment opportunity and adversely affecting her status as an employee; and

   d.     In other particulars which discovery may show.

45.     The aforesaid conduct of the Defendants, their agents and servants, violated United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

46.     By reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, the Plaintiff has suffered severe emotional distress.

47.     As a direct and proximate result of the acts and practices of the Defendants in the termination of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of Civil Rights/Discrimination under Title VII – Disparate Treatment)

48.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49.     The Plaintiff is a member of a protected group on the basis of her gender (female).

50.      Similarly situated employees received preferential treatment by not being subjected to the constant negative comments to which the Plaintiff was subjected, due to her gender.

51.     The Plaintiff was therefore discriminated against due to her gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

52.     The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

53.     The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), by allowing gender discrimination, preferential treatment, and harassment to exist in the workplace.

54.     In failing to protect the Plaintiff from gender discrimination, preferential treatment and harassment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.) and the Equal Employment Opportunity Act.

55.     As a direct and proximate result of the Defendants' discrimination on the basis of gender, the Plaintiff has suffered a loss of wages, benefits and employment opportunities.

56.     The Defendants' employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

57.     Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## <u>FOR A FIFTH CAUSE OF ACTION</u>
### (Violation of Civil Rights/Discrimination under Title VII – Hostile Work Environment)

58.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

59.     During the course of her employment, Plaintiff was harassed with constant negative comments.  These comments were unwelcomed to the Plaintiff and were sufficiently severe and pervasive to constitute a hostile work environment.

60.     Further, once the Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), she was subjected to adverse terms and conditions by the Defendants, thereby causing a hostile work environment.

61.     The Defendants' wrongful actions arising from Plaintiff's protected activity constituted a hostile work environment for the Plaintiff.  The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.) by allowing a hostile work environment to exist in the workplace.

62.    The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff and in creating a hostile work environment.

63.    As a direct and proximate result of the acts and practices of Defendants in allowing a hostile work environment to exist in the workplace, Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A SIXTH CAUSE OF ACTION
### (Violation of Civil Rights/Discrimination under Title VII - Retaliation)

64.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

65.    The Plaintiff is a member of a protected group on the basis of her sex and gender.  The Plaintiff was an employee in a position for which she was qualified, became pregnant and was subsequently discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

66.    The Defendants were wanton and intentional in the retaliation against the Plaintiff in the following particulars, to wit:

    a.    In discharging the Plaintiff from employment and otherwise discriminating against her with respect to her compensation, terms, conditions, or privileges of employment due to her gender;

    b.    In terminating the Plaintiff's employment for actions that other, male employees had also committed without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee; and

    c.    In other particulars which discovery may show.

67.    By reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, the Plaintiff has suffered severe emotional distress.

68.    The Plaintiff's gender (female) was a determining factor in the retaliation and wrongful discharge of the Plaintiff.  But for the Plaintiff's gender, she would not have been terminated.

69.    The Defendants' inappropriate behaviors as set forth above constitute retaliation against the Plaintiff due to her sex/gender and her pregnancy, which is a violation of South Carolina and United States laws against retaliatory discharge.  Said termination was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et. seq.).

70.    As a direct and proximate result of the acts and practices of the Defendants in the retaliation and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of

enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A SEVENTH CAUSE OF ACTION
### (Violation of Americans With Disabilities Act – Failure to Accommodate)

71.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

72.    Plaintiff is a person with a disability as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she had a disability (lactation insufficiency following pregnancy) which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

73.    Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

74.    Defendants have discriminated against Plaintiff without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

75.    Despite being a person with a disability, the Plaintiff could perform the essential functions of her job.

76.    Defendants initially agreed to the Plaintiff's request for reasonable accommodations, then abruptly denied them and since has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

77.    Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR AN EIGHTH CAUSE OF ACTION
### (Violation of Americans With Disabilities Act – Retaliation)

78.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

79.    Plaintiff's request for accommodations aforesaid constitutes protected activity under the ADA.

80.    Once the Plaintiff engaged in the protected activity of requesting reasonable accommodations, Defendants retaliated against her, in violation of the ADA.

81.    Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A NINTH CAUSE OF ACTION
### (Violation of Fair Labor Standards Act)

82.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

83.    Pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §207(r)(1), "an employer shall provide (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk."

84.    Despite this requirement by the FLSA, Defendants failed to provide Plaintiff with a reasonable pumping schedule as requested and a private room free from intrusion wherein Plaintiff could pump breastmilk.

85.    As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## FOR A TENTH CAUSE OF ACTION
### (Invasion of Privacy)

86.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

87.    In or about November 2018, the Defendants invaded the Plaintiff's privacy by posting on the office-wide white board Plaintiff's "pumping schedule" for every employee to see.

88.    The Defendants, through their agents and servants, were negligent and reckless in their actions which invaded the Plaintiff's privacy.

89.    Said invasion of privacy being the proximate cause of the Plaintiff's monetary damages and subsequent expenses associated therewith, including loss of income and benefits; she has been otherwise injured and damaged in such amount as a judge and jury may determine.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendants as follows:

1.    Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2.    An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3.    Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4.    An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.    An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6.    An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7.    For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
July 29, 2020